**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

TIA CAMILLE MCCOY,

        Plaintiff,

vs.

CAPITAL ONE FINANCIAL CORPORATION,

        Defendant.

Case No. 2:16–cv–1928–RFB–VCF

**ORDER AND REPORT & RECOMMENDATION**

APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF NO. 7) AND COMPLAINT (ECF NO. 1)

    Before the court are McCoy's application to proceed *in forma pauperis* (ECF No. 7) and complaint (ECF No. 1).  For the reasons stated below, McCoy's *in forma pauperis* application is granted and she may proceed with this action.  It is recommended that McCoy's complaint be dismissed with leave to amend.

**I. Discussion**

    McCoy's filings present two questions: (1) whether McCoy may proceed *in forma pauperis* under 28 U.S.C. § 1915(e) and (2) whether McCoy's complaint states a plausible claim for relief.  Each is discussed below.

1. McCoy May Proceed *In Forma Pauperis*

    McCoy's application to proceed *in forma pauperis* is granted.  28 U.S.C. § 1915(a)(1) permits a plaintiff to bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff's "is unable to pay such fees or give security therefor."  Pursuant to section 1915(a)(1), McCoy submitted a financial affidavit. (ECF No. 7). According to the affidavit, McCoy is unemployed and has less than $250 in her checking and savings accounts.  McCoy's application to proceed *in forma pauperis* is, therefore, granted.

## II. Legal Standard

Because the court grants McCoy's application to proceed *in forma pauperis*, it must review McCoy's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. *See* 28 U.S.C. § 1915(e). The court's review of McCoy's complaint is guided by two legal standards: Federal Rule of Civil Procedure 8 and the Supreme Court's decision in *Erickson v. Pardus*, 551 U.S. 89 (2007).

Federal Rule of Civil Procedure 8(a) also provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." FED. R. CIV. P. 8(a)(2). The Supreme Court's decision in *Ashcroft v. Iqbal*, states that in order to satisfy Rule 8's requirements a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009). The Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007) and *Iqbal* prescribe a two-step procedure to determine whether a complaint's allegations cross that line.

First, the court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," *id.* at 678, or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 681.

Second, the court must determine whether the complaint states a "plausible" claim for relief. *Id.* at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegation, which are accepted as true, "do

not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." *Id.* (citing FED. R. CIV. P. 8(a)(2)).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

If the court dismisses a complaint under section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (citation omitted).

"A Title VII religious discrimination claim may be brought under several possible theories, including disparate treatment on account of religion or failure to accommodate religious beliefs." *Bodett v. CoxCom, Inc.*, 366 F.3d 736, 742 (9th Cir. 2004).  A claim for disparate treatment based on religion follows the framework laid out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36L.Ed.2d 668 (1973).  Under this framework, the plaintiffs bears the initial burden to state a prima facie claim of discrimination based on religion. *Bodett*, 366 F.3d at 742.  A plaintiff satisfies this burden if he alleges that "(1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination. *Peterson v. Hewlett-Packard Co.*, 358 F.3d 599, 603 (9th Cir. 2004).

McCoy has satisfied the first three elements of the *McDonnell Douglas* test.  She has alleged that she is a member of a protected religious class (Christian), she was qualified for the position, and she experienced an adverse employment action (the Conduct Memo).  *Fonseca v. Sysco Food Services of*

*Arizona, Inc.*, 374 F.3d 840, 848 (9th Cir. 2004) ("A warning letter or negative review also can be considered an adverse employment action").

McCoy has not satisfied the fourth element. She did not allege that any similarly situated, non-Christian employees were treated differently. *Berry v. Department of Social Services*, 447 F.3d 642, 656 (9th Cir. 2006). Nor do the facts alleged in McCoy's complaint give rise to an inference of unlawful discrimination. *See id.* Two co-workers were involved in the incident which resulted in McCoy's conduct memo, Valorie Atie Lopez (religion unknown) and Daniel Holmquist (Christian). It is unclear what disciplinary action if any was taken against Lopez for participating in the conversation. Likewise, McCoy has not alleged that Holmquist ever experienced any adverse employment actions on account of his Christian beliefs.

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that McCoy's application to proceed *in forma pauperis* (ECF No. 7) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of the Court filed the complaint. (ECF No. 1).

IT IS FURTHER ORDERED that McCoy is permitted to maintain the action to its conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance of subpoenas at government expense.

IT IS RECOMMENDED that McCoy's complaint (ECF No. 1) be DISMISSED with leave to amend.

IT IS FURTHER RECOMMENDED that if the court adopts this Report & Recommendation, a DATE be set for the filing of the Amended Complaint to avoid dismissal with prejudice.

IT IS FURTHER ORDERED that if the court adopts this report and recommendation, and an Amended Complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the

Amended Complaint.  The court will issue a screening order on the Amended Complaint and address the issuance of Summons at that time, if applicable.  *See* 28 U.S.C. § 1915(e)(2).

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address.  The notification must include proof of service upon each opposing party or the party's attorney.  **Failure to comply with this Rule may result in dismissal of the action.**  *See* LSR 2-2.F

IT IS SO ORDERED and RECOMMENDED.

DATED this 13th day of September, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE